Thomas Lether, WSBA #18089
1848 Westlake Ave N., STE 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WALL SYSTEMS NW, INC., a Washington corporation; BRIAN BOON and OLGA BYSTROVA, a married couple,<br><br>Defendants. | No. 3:21-cv-5442<br><br>**AUSTIN MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

## I.    PARTIES

1. Plaintiff Austin Mutual Insurance Company (hereinafter "AMIC") is a foreign insurance company licensed to conduct business in the State of Washington. AMIC is incorporated in the State of Minnesota with its principal place of business located in the State of Florida.

2. Wall Systems NW, Inc. (hereinafter "Wall Systems") is a corporation incorporated in the State of Washington, doing business in the State of Washington, with its principal place of business located in the State of Washington.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3. Brian Boon and Olga Bystrova are a married couple who own and reside at real property commonly known as 10521 Fox Drive NW, Gig Harbor, WA ("the Property").

## II. JURISDICTION AND VENUE

4. AMIC incorporates by reference the allegations contained in paragraphs 1-3 as fully set forth herein.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

6. For the purposes of diversity, AMIC is a citizen of the States of Minnesota and Florida as it is incorporated in the State of Minnesota and has its principal place of business in the State of Florida.

7. Wall Systems is a citizen of the State of Washington.

8. Brian Boon and Olga Bystrova are citizens of the State of Washington.

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The events giving rise to the claims in this action occurred in Pierce County, Washington.

## III. FACTS

### A. Background

11. AMIC incorporates by reference the allegations contained in paragraphs 1-10 as fully set forth herein.

12. Brian Boon and Olga Bystrova entered into a contract with Wall Systems in September 2015 to construct a retaining wall. Brian Boon and Olga Bystrova subsequently entered into a contract modification in July 2016 relating to the approximately 100-foot extension of the retaining wall.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

13. Brian Boon and Olga Bystrova entered into a contract with AGES Engineering LLC (hereinafter "AGES") in March 2015 relating to the design and construction of the retaining wall. AGES agreed to, among other things, provide a retaining wall design as well as related draining. In July 2016, AGES and Brian Boon and Olga Bystrova entered into an agreement related to the extension of the retaining wall by approximately 100 feet.

14. The retaining wall was constructed during the summer of 2016.

15. On January 18, 2017, an approximately 50 foot section of the retaining wall failed and caused a landslide (hereinafter "First Landslide"). Brian Boon and Olga Bystrova immediately contacted Wall Systems and AGES regarding the failure.

16. AGES inspected the wall failure and provided additional advice and other work relating to correcting the failed retaining wall.

17. Wall Systems also inspected the wall failure and performed the repair work during the summer of 2017.

18. On January 24, 2020 there was a second landslide in the same general area as the first landslide and involved the same section of the retaining wall that failed in 2017 (hereinafter "Second Landslide").

19. Brian Boon and Olga Bystrova hired Geotechnical Investigations by GeoResources, Inc. to inspect the retaining wall. They concluded that the retaining wall was improperly designed by AGES and improperly constructed by Wall Systems.

### B. Underlying Lawsuit

20. On or about October 6, 2020, Brian Boon and Olga Bystrova sued AGES and Wall Systems in the Superior Court of the State of Washington for Pierce County No. 20-2-07915-0 (the "Underlying Lawsuit").

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 3

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

21. The lawsuit filed by Brian Boon and Olga Bystrova alleges breach of contract as well as negligence.

### C. Policies of Insurance

22. AMIC issued a policy of insurance to Wall Systems, policy No. BP1733655, with a policy period of January 21, 2017 to January 21, 2018.

23. The Wall Systems policy was subsequently renewed from January 21, 2018 to January 21, 2019, and from January 21, 2019, to January 21, 2020.

24. AMIC issued another policy of insurance to Wall Systems, policy No. MPP4096Q, with a policy period of January 21, 2020 through January 21, 2021.

25. The Wall Systems policy was subsequently renewed from January 21, 2021 to January 21, 2022.

26. The Wall Systems Policies' No. BP173365 and MPP4096Q (collectively "the Wall Systems Policies) provide liability coverage with limits up to $2,000,00 each occurrence, $2,000,000 for personal and advertising injury, and a $4,000,000 products-completed operations aggregate limit.

27. The Wall Systems Policies contain the following relevant language relating to the insuring agreement:

**AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE**

. . .

**Section II – Liability**

    **A.    Coverages**

        **1.  Business Liability**

           **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage"

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for bodily injury", "property damage," "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Paragraph **D. –** Liability And Medical Expenses Limits Of Insurance in Section **II –** Liability; and
   **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

   . . .

**b**. This insurance applies:

   **(1)** To "bodily injury" and "property damage" only if:

      **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
      **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

**c.** This insurance does not apply to any damages because of or related to "bodily injury", "property damage", or "personal and advertising injury":

   **(1)** which were discovered, first existed and/or "manifested" or are alleged to have been discovered, first exited and/or "manifested", prior to the inception date of this Policy; or
   **(2)** which injury or damage has, or is alleged to have occurred in whole or in part prior to the incepted date of this Policy, even if any portion of such actual or alleged injury or damage continues during this Policy period; or
   **(3)** which were caused, or alleged to have been caused, by the same condition which resulted in "bodily injury", "property damage", or "personal and advertising injury" which was discovered, first existed and/or "manifested" itself prior to the inception date of this Policy.

We shall have no duty to defend any insured or additional insured against any such loss, claim, "suit", or other proceeding alleging any damages

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 5

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

arising out of or related to "bodily injury", "property damage", or "personal and advertising injury" to which this endorsement applies.

For the purposes of this exclusion, the term "manifested" means the point in time when any such "bodily injury", "property damage", or "personal and advertising injury" first became known or was discovered by anyone making such claim(s) against this Policy, including but not limited to any insured.

BP 00 03 01 10 as amended by C384 07 15; BPM P 2 1207 as amended by BPM 3130 05 15

28. The Wall Systems Policies contain the following definitions:

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

…

    **17.**    "Property damage" means:
        **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
        **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    **18.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
        **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
        **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

BP 00 03 01 10; BPM P 2 1207

29. The Wall Systems Policies also contain the following exclusions:

    **B. Exclusions**

        1.    Applicable to Business Liability Coverage

            This insurance does not apply to:

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

    **a.**    **Expected or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured…

    **b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    **(1)**    That the insured would have in the absence of the contract or agreement; or

    **(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

        **(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

        **(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

    **k.**    **Damage to Property**

"Property damage" to:

…

    **(5)**    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

    **(6)**    That particular part of any property that must be restored repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

    **l.**    **Damage to Your Product**

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 7

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

> "Property damage" to "your product" arising out of it or any part of it.

. . .

**m.  Damage to Your Work**

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**n.  Damage to Impaired Property or Property Not Physically Injured**

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**o.  Recall of Products, Work or Impaired Property**

> Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:
>
> **(1)** "Your product";
> **(2)** "Your work"; or
> **(3)** "Impaired property";
>
> if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

BP 00 03 01 10; BPM P 2 1207

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

30. The Wall Systems Policies contain the following definitions:

    **8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
        **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:
    (1) the repair, replacement, adjustment or removal of "your product" or "your work"; or
    (2) your fulfilling the terms of the contract or agreement.

    **9.** "Insured contract" means:

        **a.**    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
        **b.**    A sidetrack agreement;
        **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
        **d.**    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
        **e.**    An elevator maintenance agreement;
        **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

agreement:

    **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

    **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

    **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

…

16. "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent an arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or
        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 10

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

> (a) When all of the work called for in your contract has been completed.
> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.
>
> **b.** Does not include "bodily injury" or "property damage" arising out of:
>
> **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
> **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials;
>
> ...
>
> 17. "Property damage" means:
>     **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>     **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>     **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>     **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

...

    **21.** "Your product" means:

        **a.** Means:
- **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
  - **(a)** You;
  - **(b)** Others trading under your name; or
  - **(c)** A person or organization whose business or assets you have acquired; and
- **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

        **b.** Includes:
- **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
- **(2)** The providing of or failure to provide warnings or instructions.

        **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

    **22.** "Your work":

        **a.** Means:
- **(1)** Work or operations performed by you or on your behalf; and
- **(2)** Materials, parts, or equipment furnished in connection with such work or operations.

        **b.** Includes
- **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
- **(2)** The providing of or failure to provide warnings or instructions.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

BP 00 03 01 10; BPM P 2 1207

### D. Tender of Defense and Indemnity

31. Wall Systems tendered defense of the Underlying Lawsuit to AMIC on or about October 19, 2020.

32. AMIC agreed to defend Wall Systems subject to a reservation of rights on or about October 29, 2020.

33. AMIC provided a supplemental reservation of rights letter to Wall Systems on or about April 13, 2021.

34. AMIC provided another supplemental reservation of rights letter to Wall Systems on or about May 19, 2021

35. AMIC reserved the right to seek a declaratory judgment of AMIC's duties and coverage.

### IV. THERE IS ACTUAL AND JUSTICIABLE CONTROVERSY AS TO AMIC's COVERAGE OBLIGATIONS

36. AMIC reasserts paragraphs 1 - 35 as fully set forth herein.

37. There is no coverage available to Wall Systems for the claims asserted in the Underlying Lawsuit under the Wall Systems Policies.

38. The rights and obligations of AMIC are defined by the terms and conditions of the policies of insurance issued by AMIC to Wall Systems.

39. AMIC requests that the Court grant declaratory relief by entering a judicial determination that AMIC has no obligation to provide full indemnity coverage to Wall Systems in connection with the subject project under the Wall Systems Policies.

40. AMIC requests that the Court grant declaratory relief by entering a judicial determination that AMIC has no obligation to defend Wall Systems in connection with the Underlying Lawsuit under the Wall Systems Policies.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 13

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

41. The Wall Systems Policies of insurance provide coverage to "property damage" that is caused by an "occurrence" as those terms are defined.

42. There exists an actual and justiciable dispute as to whether there was "property damage" that was caused by an "occurrence" as those terms are defined.

43. The Wall Systems Policies of insurance provide coverage to "property damage" that occurs during the policy period.

44. There exists an actual and justiciable dispute as to whether the alleged "property damage" occurred during the Wall Systems Policies of insurance policy period.

45. The Wall Systems Policies of insurance exclude coverage for "bodily injury" or "property damage" caused by a covered "occurrence" whether known or unknown which first occurred in whole or in part prior to the inception date of the policies.

46. There exists an actual and justiciable dispute as to whether "property damage" occurred in whole or in part prior to the inception date of the Wall Systems Policies.

47. The Wall Systems Policies of insurance exclude coverage for "bodily injury" or "property damage" caused by a covered "occurrence" which are or alleged to be in the process of occurring as of the inception date of the Policies

48. There exists an actual and justiciable dispute as to whether property damage caused by a covered occurrence was alleged to be in the process of occurring at the inception date of the Wall Systems Policies.

49. The Wall Systems Policies of insurance exclude coverage for "bodily injury" or "property damage" caused by a covered "occurrence" which were caused or alleged to have been caused by the same condition(s) or defective construction which first existed prior to the inception date of the Policies.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 14

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

50. There exists an actual and justiciable dispute as to whether property damage caused by a covered occurrence was caused or alleged to have been caused by the same condition(s) or defective construction which first existed prior to the inception of the Wall Systems Policies.

51. There exists an actual and justiciable dispute as to whether there is any property damage and whether any such property damage was caused by a covered occurrence as defined under the Wall Systems Policies of insurance during the policy period.

52. There exists an actual and justiciable dispute as to whether the Second Landslide was the result of the same defective conditions which first existed prior to the inception date of the Wall Systems Policies.

53. The Wall Systems Policies of insurance do not provide coverage for property damage which existed or was alleged to have existed prior to the policy period.

54. There is an actual and justiciable dispute as to whether the property damage resulting from the First Landslide existed or was alleged to have existed prior to the policy period.

55. The Wall Systems Policies of insurance do not provide coverage for property damage which is in the process of taking place prior to the inception of the policy, even if the actual or alleged property damage continues during the policy period.

56. There is an actual and justiciable dispute as to whether the property damage was in the process of taking place or was alleged to have been taking place prior to the policy period.

57. The Wall Systems Policies exclude coverage for property damage to real property on which Wall Systems is performing operations if the property damage arises from those operations.

58. There is an actual and justiciable dispute as to whether the alleged property damage to real property upon which Wall Systems was performing operations, and the property damage arose from such operations.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 15

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

59. The Wall Systems Policies exclude property damage to that particular part of the property that must be restored or repaired because Wall Systems' work was defectively performed on it.

60. There is an actual and justiciable dispute as to whether the property damage arises out of Wall Systems' defective work.

61. The Wall Systems Policies exclude coverage for property damage to Wall Systems' product, arising out of it or any part of it.

62. There is an actual and justiciable dispute as to whether the property damage to Wall Systems' product arising out of it or any part of it.

63. The Wall Systems Policies do not provide coverage for property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

64. There is an actual and justiciable dispute as to whether Wall Systems is obligated to pay for any alleged property damage due to an assumption of liability through a contract or agreement.

65. The Wall Systems Policies exclude coverage for property damage to impaired property or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in Wall Systems' product, Wall Systems' work, or a delay or failure by Wall Systems or anyone acting on its behalf to perform a contract in accordance with its terms.

66. There exists an actual and justiciable dispute as to whether the property damage occurred to impaired property, or property that has not been physically injured arising out of a defect,

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 16

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

deficiency, inadequacy or dangerous condition in Wall Systems' product, or a delay or failure by Wall Systems to perform its work under the contract in accordance with its terms.

67. The Wall Systems Policies exclude coverage for damages for any loss, cost or expense incurred by others for the loss of use, inspection, repair, replacement, adjustment, removal or disposal of Wall Systems' product, Wall Systems' work, or impaired property, as those terms are defined, if such product, work, or property is withdrawn from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

68. There exists an actual and justiciable dispute as to whether the alleged property damage includes damages for any loss, cost or expense incurred for the loss of use, inspection, repair, replacement, adjustment, removal or disposal of Wall Systems' product, Wall Systems' work, or impaired property.

69. The Wall Systems Policies exclude coverage for property damage to Wall Systems' work and included in the products-completed operations hazard as that term is defined.

70. There is an actual and justiciable dispute as to whether there is property damage to Wall Systems' work arising out of any part of it and included in the products-completed operations hazard.

71. The Wall Systems Policies do not provide coverage for damage to property that must be restored, repaired, or replaced because the work of the insured was incorrectly performed.

72. There is an actual and justiciable dispute as to whether Wall Systems' work was incorrectly performed and caused property to be restored, repaired, or replaced.

73. The Wall Systems Policies do not provide coverage for property damage that is expected or intended from the standpoint of the insured.

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 17

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

74. There is an actual and justiciable dispute as to whether there was property damage that was expected or intended by Wall Systems.

## V.  REQUEST FOR DECLARATORY RELIEF

75. AMIC reasserts paragraphs 1 – 74 as fully set forth herein.

76. Actual and justiciable controversies exist as to whether any coverage is available to Wall Systems under the Wall Systems Policies for the claims asserted by Brian Boon and Olga Bystrova as set forth above.

77. AMIC requests that the Court grant declaratory relief entering a judicial determination that AMIC has no obligation to provide a defense or any indemnity for the claims arising from the Underlying Lawsuit.

## VI.  PRAYER FOR RELIEF

Wherefore AMIC prays for the following relief:

1. A declaration that there is no defense or indemnity coverage available to Wall Systems under the policies of insurance issued by AMIC for the claims asserted by Brian Boon and Olga Bystrova in the Underlying Lawsuit.

2. For all interest allowed by law.

3. For attorneys' fees and costs allowed by statute and law.

4. For any other relief as the Court sees as just and equitable.

DATED this 16th day of June 2021.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
1808 Westlake Avenue N., Suite 100

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 18

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Seattle, WA 98109
206.467.5444
tlether@letherlaw.com
*Attorney for Austin Mutual Insurance Company*

AUSTIN MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF– 19

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544